UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case Number: 07-20160-CIV-MORENO

MANUEL GRIFE, individually, and on behalf of
all others similarly situated,

    Plaintiff,

vs.

ALLSTATE FLORIDIAN INSURANCE
COMPANY, a foreign corporation,

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

This is a putative class action lawsuit brought under the Class Action Fairness Act ("CAFA") diversity provision, 28 U.S.C. § 1332(d)(2)(A), for breach of an insurance contract.[1] Plaintiff Manuel Grife, individually, and on behalf of all similarly situated policyholders of Allstate Floridian Insurance ("Plaintiff") commenced this action against Defendant Allstate Floridian Insurance Company ("Allstate"). Plaintiff seeks declaratory and injunctive relief along with monetary damages. This case is presently before the Court upon Allstate's Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). The parties concede that no factual dispute exists. Therefore, this entire case turns on the legal issue of contract interpretation stemming from two clauses of a single provision in Plaintiff's policy: (1) "Any reduction or elimination of payments for losses because of any deductible applying to the insurance coverage of the association of building owners collectively is not covered under this protection;" and (2) This coverage is excess over any insurance collectible under any policy or policy covering the association of unit owners. Because the plain and unambiguous language of the contract provisions excludes coverage, the Court

---

[1] No motion for class certification has, as of yet, been filed.

grants Defendant's Motion for Judgment on the Pleadings and dismisses the case.

## BACKGROUND

Plaintiff is an Allstate Floridian policyholder and resident of Miami-Dade County. Allstate is an insurance company incorporated under the laws of Illinois and authorized to transact insurance in the State of Florida. On May 4, 2005 Plaintiff purchased a Condominium Owners Insurance policy (the "Policy")[2] from Allstate to cover Plaintiff's condominium located in the Admiral's Port Condominium (the "Complex") in North Miami Beach. On October 22, 2005 Hurricane Wilma damaged the common areas of the Complex. As a result, the condominium association levied a total of $845,901 in special assessments against the individual unit owners of the Complex. Based on his percentage of ownership, Plaintiff was assessed $1,226.56.

Plaintiff filed a claim for the $1,226.56 with Allstate pursuant to the loss assessment coverage under his Policy. However, on January 26, 2006, Allstate rejected the bulk of Plaintiff's claim on the basis that the loss assessment provision in his Policy excludes coverage for losses that are covered under the Admiral's Port Condominium Association's policy with Lexington Insurance Company (the "Master Policy"), but that are not ultimately payable due to the deductible under that policy (the "Master Deductible"). As for the losses for which Allstate acknowledged coverage, Allstate made no payment to Plaintiff because the losses did not exceed the applicable Policy deductible of $250. Allstate determined that $719,080 was excluded from

---

[2] Allstate annexed as exhibits to its motion this Policy as well as the Admiral's Port Condominium Assocation's Policy (the "Master Policy"). Under the "incorporation by reference" doctrine, the Court, without objection, considers these policies in deciding the Motion for Judgment on the Pleadings. See Fed. Ins. Co. v. Castle Beach Club Condo. Ass'n, No. 06-20519-CIV-COOKE/BROWN, 2006 U.S. Dist. LEXIS 89410, at *7-8 (S.D. Fla. Dec. 8, 2006) (finding that it may consider an insurance policy attached to a pleading as it was incorporated by reference into the complaint, central to the plaintiff's claims, and its authenticity is undisputed).

the $845,901.00 because it was subject to the Master Deductible. In addition, $57,000 was excluded due to other undisputed policy provisions. That leaves $69,821 remaining, of which Plaintiff's share was $101.24 based on his percentage of ownership. Because this amount did not exceed Plaintiff's deductible, he received no payment from Allstate to cover the assessment costs. Allstate's denial of Plaintiff's loss assessment claim is based on the following language in the Policy:

> SECTION III - Optional Protection in Your Policy, Item 4 - Coverage G: Loss Assessment.
>
> We will pay for your share of any special assessments charged against the condominium owners by the association up to the limit of liability shown on the Policy Declarations, when the assessment is made as a result of:
>
> (a) Sudden and accidental direct physical loss to the condominium property, owned by all unit owners collectively, except as limited or excluded in Section I of this policy;
>
> (b) bodily injury or property damage covered under Section II of this policy.
>
> *Any reduction or elimination of payments for losses because of any deductible applying to the insurance coverage of the association of building owners collectively is not covered under this protection.*
>
> Allstate will pay only when the assessment levied against the insured person, as a result of one loss, for bodily injury or property damage exceeds $250 and then only the amount of such excess. This coverage is not subject to any deductible applying to Section I of this policy.
>
> In the event of an assessment, this coverage is subject to all the exclusions applicable to Sections I and II of this policy, and the Section I and II Conditions except as otherwise noted.
>
> *This coverage is excess over any insurance collectible under any policy or policy covering the association of unit owners.*
>
> (emphasis added).

Plaintiff contends that this provision only excludes coverage for "losses" and not for "assessments" which may have resulted from a particular loss. Further, Plaintiff submits that

-3-

coverage exists because the loss assessment coverage is "excess over any insurance collectible," and the deductible contained in the association policy does not constitute insurance. Additionally, Plaintiff alleges that Allstate utilizes a general business practice of using the Policy language above to deny claims for assessments which are in fact covered under this Policy. Thus, Plaintiff filed this class action lawsuit.  Allstate removed the case to this Court under the diversity provision of CAFA.

## DISCUSSION

The Complaint contains two counts: (1) declaratory and injunctive relief and (2) breach of contract.  Allstate moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noted facts.  Andrx Pharms., Inc. v. Elan Corp., PLC, 421 F.3d 1227, 1232-33 (11th Cir. 2005).

There is no dispute that Florida law applies to this action.  See Federated Rural Elec. Ins. Exch. v. R.D. Moody & Assocs., 468 F.3d 1322, 1325 (11th Cir. 2006); Great Am. E&S Ins. Co. v. Sadiki, 170 F. App'x 632, 633 (11th Cir. 2006).  In Florida, insurance contracts are construed in accordance with the plain language of the policy.  Swire Pac. Holdings, Inc. v. Zurich Ins. Co., 845 So. 2d 161, 165 (Fla. 2003).  The mere fact that an insurance policy is a complex document which requires a thorough analysis does not translate to ambiguity.  Swire Pac. Holdings, Inc. v. Zurich Ins. Co., 139 F. Supp. 2d 1374, 1379 (S.D. Fla. 2001) (citing City of Delray Beach v. Agric. Ins. Co., 85 F.3d 1527 (11th Cir. 1996)).  An insurance policy is considered ambiguous if the relevant policy language is susceptible to more than one reasonable interpretation, one

providing coverage and the other limiting coverage.  Sphinx Int'l, Inc. v. Nat'l Union Fire Ins. Co., 412 F.3d 1224, 1228 (11th Cir. 2005) (citations omitted).  In such a case, the ambiguous policy will be construed in favor of coverage.  Northland Cas. Co. v. HBE Corp., 160 F. Supp. 2d 1348, 1358 (M.D. Fla. 2001).   Particularly, in cases such as this one that involve exclusions to insurance contracts, the rule is even clearer in favor of coverage.  See Sphinx Int'l, Inc., 412 F.3d at 1228.  However, courts should not strain to find ambiguity when the policy's plain meaning clearly excludes coverage.  See id. at 1231.

Count I of the Class Action Complaint requests a "declaratory decree that Allstate Floridian insureds are entitled to recover for assessments levied against those insureds irrespective of whether or not the losses which lead to these assessments are covered under an association's policy due to the deductible under that policy." Count II is a breach of contract claim.  The only disputed legal issue is the proper interpretation of the following two provisions in the Policy:  (1) "Any reduction or elimination of payments for losses because of any deductible applying to the insurance coverage of the association of building owners collectively is not covered under this protection;" and (2) "This coverage is excess over any insurance collectible under any policy or policy covering the association of unit owners."  Defendant argues that either provision independently excludes coverage in this case.  Plaintiff argues that they both do not.

The Court's legal conclusion interpreting the Policy is dispositive of the entire matter. Plaintiff interprets the provisions as follows: (1) this Policy provision only excludes coverage for "losses" and not for "assessments" which may have resulted from a particular loss and (2) although the loss assessment coverage is "excess over any insurance collectible," the deductible contained in the association policy does not constitute insurance.  The Court finds that Plaintiff's interpretation is inconsistent with the plain meaning of the Policy language, and thus the

Defendant is entitled to judgment in its favor.

### I. THE POLICY EXCLUDES COVERAGE FOR "LOSSES" NOT PAYABLE DUE TO THE MASTER DEDUCTIBLE

The Policy provides in pertinent part that "[a]ny reduction or elimination of payments for losses because of any deductible applying to the insurance coverage of the association of building owners collectively is not covered under this protection." The parties do not dispute that the Policy excludes coverage for losses that are covered under the Master Deductible. The parties also agree that a loss is distinct from an assessment. Both parties cite language from White v. Allstate Ins. Co., 98 P.3d 496 (Wash. Ct. App. 2004), for the proposition that an "assessment is a financial obligation that is imposed on the condominium owners as a result of a loss, but an assessment itself is not a loss under the terms of the policy." Id. at 498 (interpreting identical language).

Allstate submits that this language precludes coverage in this case. Plaintiff argues, however, that because the exclusion in question indicates that losses not covered under the Master Policy due to the Master Deductible are not covered under the Policy, the exclusion does not bar coverage for "assessments due to those losses." Plaintiff submits that if Allstate had intended to exclude coverage for such assessments, it should have stated specifically that the Policy does not cover "assessments resulting from losses." In so arguing, Plaintiff misses the aim of the provision. The term "losses" in the provision relates to the aggregate loss total for the association, which would include damages sustained by common areas, not assessments to the individual unit owners. The reduction and elimination of payments relates to the amount reduced, upon factoring in the Master Deductible, from the total losses covered under the Master Policy. Under this provision, the term "losses" are those covered under the Master Policy that

must reach an amount greater than the Master Deductible for this coverage to apply.  Hence, the term "loss" is appropriate here.  Plaintiff's tortured interpretation would render the entire clause superfluous.  See Int'l Ins. Co. v. Johns, 874 F.2d 1447, 1456 (11th Cir. 1989) (holding that all courts "must avoid a construction that does not give all portions of the policy meaning and effect").

In conclusion, the Court finds that the plain language of this provision supports Allstate's view.[3]  Although the Court recognizes that the provision could have been written more clearly, the language is unambiguous as it is unsusceptible to more than one reasonable interpretation. See Deni Assocs. v. State Farm Fire & Cas. Ins. Co., 711 So. 2d 1135, 1139 (Fla. 1998) (refusing to "place limitations upon the plain language of a policy exclusion simply because we think it should have been written [another] way"); Allstate Ins. Co. v. Shofner, 573 So. 2d 47, 49 (Fla. 1st DCA 1990) (stating that the "failure to state the exclusion in the clearest language possible does not render the language used 'ambiguous'").  When read literally, it provides that when no payment (or a reduced payment) is made to the condominium association in view of the deductible for the association's policy, although the association levies the aggregate loss amount as an assessment to the individual unit owners, the amount by which the payment was reduced is not included in Plaintiff's loss assessment coverage.

In this case, the association levied a total of $845,901 in special assessments to the individual owners, of which Plaintiff owed $1,226.56 based on his percentage of ownership.  Of that total of $845,901, $719,080 of the claim was excluded because it was subject to the Master Deductible of the Master Policy.  An additional $57,000 of the aggregate loss was excluded due

---

[3]Although not binding on this Court, the Court notes that a Palm Beach County court interpreted the identical provision and found that Loss Assessment coverage excluded a policyholder's claim for reimbursement of an assessment levied as a result of an association policy deductible.  See Gruskin v. Allstate Floridian Ins. Co., No. 502006SC016651XXXXSB (Fla. Palm Beach County Ct. Feb. 13, 2007).

to other uncontested Policy provisions. Based on the Policy provision, the amount excluded, namely the $719,080, was not ultimately payable and therefore is excluded from consideration in calculating Plaintiff's loss assessment coverage. The Policy covered only Plaintiff's share of the remaining $69,821, the amount not reduced or eliminated by the Master Deductible, which was $101.24. Because the Policy deductible is $250, an amount greater than $101.24, Plaintiff received no payment.

## II.     THE MASTER DEDUCTIBLE DOES NOT CONSTITUTE INSURANCE

The Court's conclusion that Plaintiff's claim is excluded due to the Master Deductible provision alone, renders a decision on the remaining Policy language at issue unnecessary. Nevertheless, because both sides fully briefed the issue, the Court will now address it.

Allstate further contends that the provision "This coverage is excess over any insurance collectible under any policy or policies covering the association of unit owners" bars coverage in this case. The Court agrees and finds that Plaintiff's Policy provides Loss Assessment coverage only for losses incurred in excess of the Master Policy limit and which were not subject to the Master Deductible.

Allstate cites to hornbook insurance law for the proposition that excess insurance coverage is not implicated until the primary insurance policy has been exhausted. See 1-2 Appleman on Insurance § 2.16 (2d ed.) ("The insured may obtain additional coverage in the form of an excess policy which by its terms will only come into play once the limits of the primary policy have been exhausted."). Plaintiff argues that the Master Deductible does not constitute "insurance collectible" and is therefore covered under his Loss Assessment coverage. However, the case law does not support Plaintiff's view. Twin City Fire Ins. Co. v. Fireman's Fund Ins.

Co., 386 F. Supp. 2d 1272 (S.D. Fla. 2005), aff'd, 200 F. App'x 953 (11th Cir. 2006) held that the Master Deductible is considered primary insurance, which first must be exhausted before the Loss Assessment coverage applies. Id. at 1280 n.5.  In that case, Judge Seitz held that it is "a well-established principle that an excess insurer does not pay until the primary coverage is exhausted. . . . [The plaintiffs] have failed to present any compelling argument or binding case law demonstrating that this principle excludes the deductible." Id. at 1280 n.5 (refusing to award the insureds reimbursements for their primary policy deductible).   Thus, the Policy in question provided Loss Assessment coverage for losses incurred in excess of the Master Policy limit and not for the Master Deductible.

    Plaintiff contends that Allstate only addresses the distinguishable question of when an umbrella or pure excess policy applies.  A true excess policy, Plaintiff submits, is designed to provide coverage only when the amount of an insured loss reaches a predetermined level.  Plaintiff states that his Policy is not a true excess policy; it merely has an excess clause.  Further, the term "other collectible insurance" in such a clause does not include self-retained deductibles or self-insurance.  Plaintiff concludes that if Allstate wanted to achieve the result it asserts here, it should have included the explicit language "including any deductible provisions thereof."

    This argument is unavailing, however, because, as Allstate points out, self-insurance is distinct from insurance.  See State Farm Mut. Auto Ins. Co. v. Universal Atlas Cement Co., 406 So. 2d 1184, 1186 (Fla. 1st DCA 1981) (self-insurance does not fall within definition of insurance).  Self-insurance is regulated by statute, e.g., Fla. Stat. § 718.111(11)(a)(2), and by the Florida Department of Insurance.  While both self-insurance and a deductible must be exhausted before an insurer's liability beings, the similarity ends there.  See Zeichner v. City of Lauderhill, 732 So. 2d 1109, 1113 (Fla. 4th DCA 1999) (declining to treat the deductible or self-retained

limit as self-insurance).  Thus, because the losses incurred here were not in excess of the Master Policy limit, this Policy language bars Plaintiff's claim.

## CONCLUSION

Allstate's Motion for Judgment on the Pleadings is GRANTED.  This case is DISMISSED.  All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 28th day of June, 2007.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Christopher Lynch, Esq.
David B. Shelton, Esq.